UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**IGOR PETER KOOB, #1365989**

    Petitioner,

v.                                                          Civil Action No. 2:11CV00195

**HAROLD W. CLARKE, Director**
**Virginia Dep't of Corrections,**

    **Respondent.**

## MEMORANDUM OPINION AND FINAL ORDER

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to proceed before a United States Magistrate Judge. Accordingly, by order filed on April 28, 2011, this action was referred to the undersigned in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, to conduct any and all further proceedings in this action.

Presently before the Court is respondent's Motion to Dismiss. For the reasons stated below, respondent's motion is GRANTED, and the petition is DISMISSED.

### I. STATEMENT OF THE CASE

On October 29, 2007, in the Circuit Court for Fairfax County, Virginia, petitioner Igor Koob ("Koob") pled guilty and was convicted of two (2) counts of robbery and one (1) count of abduction in violation of Virginia Code § 18.2-58 and § 18.2-48.1, respectively. (ECF No. 1 at 1). By final order entered on May 14, 2009, the Circuit Court sentenced Koob to serve 34 years in prison with 24 years suspended for an active sentence of 10 years. Id. Koob did not appeal his convictions or sentence.

On May 14, 2010, Koob filed a petition for writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 11-3 at 1). Koob's state habeas petition alleged he was provided ineffective assistance of counsel and was also denied his right to due process. (ECF No. 11-3 at 3). The Supreme Court of Virginia denied the petition on December 14, 2010. (ECF No. 11-5 at 1)

On March 9, 2011, Koob, proceeding pro se, filed this petition for federal habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In it, he asserts, as his sole grounds for relief, that he was denied effective assistance of counsel. Respondent filed his Rule 5 Answer and Motion to Dismiss, along with brief in support, on May 16, 2011. (ECF No. 11). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Koob was given an opportunity to respond to respondent's Motion to Dismiss with any material he wished to offer in rebuttal. (ECF No. 12). Koob filed his response on June 6, 2011. (ECF No. 13) Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a one year limitation exists for prisoners seeking federal habeas relief. A district court is required to dismiss any petition for writ of habeas corpus filed more than one year after (i) the date judgment becomes final by the conclusion of direct review; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2254(d)(1)(A) – (D). The time period

during which state post-conviction or other collateral review is pending tolls the limitation period, provided the application for state post-conviction relief is properly filed. See Artuz v. Bennett, 531 U.S. 4 (2000); 28 U.S.C. § 2254(d)(2).

Koob's limitation period began to run on June 13, 2009. Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Because Koob did not appeal his convictions, his time for seeking direct review concluded thirty days after the Circuit Court's sentencing order dated May 14, 2009. Va. Sup. Ct. R. 5:9(a). Thereafter he had one year to file a federal habeas petition, absent any tolling. The federal limitations period ran for a total of 335 days until tolled when Koob filed his state habeas petition on May 14, 2010. The limitation period began to run again on December 14, 2010 after the Supreme Court of Virginia dismissed Koob's habeas petition. At that time, Koob had a remaining 30 days, or until January 13, 2011, to file his federal habeas petition. The petition before this Court was filed on March 9, 2011, two months after the federal statute of limitations expired. Although it appears Koob is time-barred from seeking federal habeas relief, because the timing is close, to avoid questions of timeliness relating to filing and mailing delays, the Court will address the merits of the petition.

A petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies before applying for federal habeas relief. 28 U.S.C. § 2254(b)(1). Therefore, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the Court agrees, that for the purposes of federal review, Koob's claim has been exhausted.

Once a petitioner's state remedies have been exhausted, a court may not grant relief on any claim adjudicated on the merits by the state court unless that adjudication "resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To prevail on a claim of ineffective assistance of counsel, Koob must show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance must fall below an objective standard of reasonableness, and the deficient performance must be prejudicial. Id. An insufficient showing on one prong of the Strickland analysis is fatal to an entire ineffective assistance of counsel claim. Strickland, 466 U.S. at 697.

With respect to the performance prong of Strickland, the reviewing court must defer to counsel's decisions. 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); see Kimmelman v. Morrison, 477 U.S. 365, 381- 82 (1986) (discussing the "highly demanding" Strickland standard). "Because of the difficulties inherent in making the evaluation,

a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). As it is "all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, . . . [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

If a petitioner establishes his attorney's performance fell below the objective standard of reasonableness, the prejudice prong of the Strickland requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

Koob claims he was denied effective assistance of counsel in three ways: 1) that his attorney, Sheryl Shane, failed to properly investigate, prepare, and litigate his case; 2) that his guilty pleas were coerced by his counsel through misrepresentation; and 3) that his counsel failed to properly inform him of the requisite elements for his crimes. In denying his state habeas petition, the Virginia Supreme Court rejected all three claims on the basis that the "petitioner failed to offer a valid reason why he should not be bound by his representation at trial." Anderson v. Warden, 281 S.E.2d 885, 888 (1981). More specifically, Koob stated under oath prior to entering his guilty plea that his counsel's performance was adequate, that no one made

him any promises or threats, that he had no difficulty reading or writing the English language, and that his guilty plea was voluntary. The Supreme Court explained:

> [t]he record, including the trial transcript and the written plea agreement, demonstrates that no one made petitioner any promises in exchange for his pleas and that petitioner understood that the maximum sentence on the three charges was two life terms plus twenty years. Petitioner has failed to demonstrate counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Because the Supreme Court addressed all of Koob's claims on the merits, 28 U.S.C. § 2254(d) requires this Court deny them unless: 1) the adjudication of the claim resulted in a decision that was contrary to established Federal law; or 2) the adjudication resulted in a decision that was based on an "unreasonable application of the evidence" presented at trial. "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011) (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002)) (internal quotation marks omitted). The petitioner carries the burden of proof. Id.

Koob has not argued the Supreme Court's decision conflicts with any established Federal law. It does not. Absent clear and convincing evidence to the contrary, Koob is bound by the representations he made during his plea colloquy. Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992). The Supreme Court's finding that Koob failed to provide a reason to question his representations was not unreasonable.

Koob's present habeas petition suggests mental illness impaired his judgment during the plea colloquy. He also proffers new evidence, a letter allegedly from his counsel admitting to

6

her failure to properly investigate his case. These new claims do not change this Court's analysis.

In regard to Koob's alleged "serious mental illness" and its effect on his ability to speak freely during the plea colloquy, the Court first notes that Koob did not present this claim to the Supreme Court of Virginia. As a result, the claim is unexhausted. Because he would now be barred from presenting the claim it is simultaneously exhausted and defaulted. see Gray v. Netherland, 518 U.S. 152, 161-62 (1996). Nevertheless, a defendant remains competent so long as he has a present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational, as well as factual, understanding of the proceedings against him. Godinez v. Moran, 509 U.S. 389, 396 (1993). In Virginia, Supreme Court Rule 3A:8 specifically provides that "a circuit court shall not accept a plea of guilty or nolo contendere to a felony charge without first determining that the plea is made voluntarily and with an understanding of the nature of the charge and the consequences of the plea."[1] In this respect, Koob is again bound by the representations he made during his plea colloquy. Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992). During the colloquy, the court specifically read the three indictments charged against Koob, to which he plead "guilty." The court further questioned whether Koob was the person charged in the indictments; if he understood the charges against him; if he discussed the charges with his attorney; if he understood the Commonwealth must prove to have him found guilty beyond a reasonable doubt; if he decided for himself to enter these pleas of guilty; if he was entering the pleas of guilty freely and voluntarily; and if he understood that he would be giving up certain rights. In each

---

[1] The trial judge did express concerns about Koob's mental state after the guilty plea when Koob initially appeared for sentencing. He directed a mental examination be performed pursuant to Va. Code § 19.2-176 to determine whether there had been a change in his competence between his plea and sentence. After some delay an evaluation was performed on September 5, 2008. After reviewing the evaluation, the Court sentenced Koob on May 14, 2009.

7

case he answered in the affirmative. Koob's interactions with the court indicate he was not hindered by any mental illness from freely and voluntarily entering his pleas of guilty as evidenced by the appropriateness of his responses. Burkett v. Angelone, 208 F.3d 172, 192-93 (4th Cir. 2000).

As to the letter presented by Koob to support his ineffectiveness claim, this Court is limited to "the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S.Ct. 1388 (2011). When a habeas petitioner's claim has been adjudicated on the merits in state court, federal court is precluded from supplementing the record with facts adduced for the first time in the federal proceeding. Jackson v. Kelly, 10-3, 2011 WL 1534571, at 12 (4th Cir. April 25, 2011).

> [28 U.S.C.] §2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief. It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo.

Cullen, 131 S.Ct. at 1399. Koob failed to present any claim with regard to the letter (which the government contends was not written by Koob's counsel) in his state habeas petition. Though Koob asserts the letter was not available to him prior to the state's review due to the time he received his case file from the Virginia State Bar, the letter was purportedly addressed to Koob's mother and dated October 29, 2007. Through due diligence it could have been submitted with his state habeas petition before its May 14, 2010 filing. Therefore, this Court may not consider Koob's newly presented evidence.

### III. CONCLUSION

For these reasons, respondent's Motion to Dismiss is GRANTED.

Petitioner is ADVISED that he may appeal from the judgment entered pursuant to this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. Written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order. For the reasons stated above, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is DIRECTED to mail a copy of this Dismissal Order to all counsel of record

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 17, 2011